## J. C. SHIELDS, EXR., v. D. M. DELO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS

OF CLARION COUNTY.

Argued October 6, 1891—Decided October 19, 1891.

[To be reported.]

(*a*) With the delivery of an absolute deed, the grantee executed and delivered a bond, conditioned inter alia that he should give to the grantor, during life, one fourth of the crops produced on the land, and that the grantor should "have the privilege of operating his oil wells on the premises," and might "at any time, at his own pleasure remove any buildings and the machinery of the said wells:"

1. Nothing having been reserved or excepted out of the deed, the rights of the grantee respecting the machinery at the oil wells depended upon and were measured by the provisions of the bond, which was the personal obligation of the grantee. Subject to such rights, the grantee had title to said machinery, as a part of the freehold, under and by virtue of the deed.

2. The right to remove the machinery, secured to the grantor by the bond,

had no analogy to tne right of removal in the case of fixtures erected by a tenant for years or for life, but was a purely personal privilege which died with his person. Wherefore, after his death his executor had no title to machinery not severed from the freehold during his life.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 1 October Term 1891, Sup. Ct.; court below, No. 120 April Term 1890, C. P.

To the number and term stated of the court below, an amicable action was entered by John C. Shields, executor of the will of George P. Delo, deceased, against D. M. Delo; and by agreement, the following case was stated for the opinion of the court, in the nature of a special verdict, with the right to either party to enter an appeal to the Supreme Court:

" George P. Delo, of the township of Salem, county of Clarion, Pennsylvania, died on the twelfth day of April, 1889, having first made his last will and testament, wherein the plaintiff was appointed his executor; and after the decease of the said George P. Delo, letters testamentary were duly issued by the register for the said county of Clarion to the said John C. Shields, on the twenty-third day of April, 1889.

" On the twenty-fifth day of April, 1881, the said George P. Delo, the testator, and Martha his wife, by deed of general warranty conveyed to the said D. M. Delo, his heirs and assigns, in fee-simple, by metes and bounds, a certain piece or parcel of land situate in the township of Salem, county and state aforesaid, together with all and singular the buildings, improvements, ways, water-courses, rights, liberties, privileges, hereditaments, and appurtenances whatsoever thereunto belonging, etc., to have and to hold the same unto the said D. M. Delo, his heirs and assigns, etc.; to which said deed was attached a receipt of the said George P. Delo to the said D. M. Delo for the purchase money mentioned in said deed, to wit, five thousand dollars.

" At the date mentioned in the said deed, to wit, the twenty-fifth day of April, 1881, the said D. M. Delo, defendant, executed and delivered to said George P. Delo his certain bond in the sum of four thousand three hundred dollars, payable to the said George P. Delo, his certain attorneys, heirs, executors, administrators or assigns, as mentioned in the condition thereto annexed, which condition is in words following, to wit:

Case Stated.

"' The condition of the above obligation is such that if the above bounden D. M. Delo, his heirs, executors, administrators and assigns, do well and truly pay, or cause to be paid to the said George P. Delo, his certain attorneys, heirs, executors, administrators, or assigns, the sum of four thousand three hundred dollars in four equal annual payments beginning one year after the decease of the said George P. Delo; and, in the meantime, during the life of the said George P. Delo, give him the one fourth of all grain in the bushel, the one fourth of the hay in the barn, produced on the premises, deeded by the said George P. Delo to the said D. M. Delo, by deed bearing even date herewith; also, one fourth of the fruit produced from the trees growing on the premises, and permit the said George P. Delo the one fourth of the pasture if he desires it; also, the said George P. Delo to have the privilege of operating his oil wells on the premises without let or hinderance from the said D. M. Delo, and the said George P. Delo may, at any time, at his own pleasure remove any buildings and the machinery of the said wells; without fraud or further delay, then this obligation to be void, or otherwise to remain in full force and virtue.'

" At the time the said deed and bond were executed by the parties, there were nine oil wells in operation on the premises conveyed by George P. Delo to the defendant. During the lifetime of the said George P. Delo, six of the wells were abandoned, and the rigs, fixtures, and machinery were disposed of by him.

" After his death an appraisement was made by the said John C. Shields, plaintiff, as his executor, in which he included the machinery, tubing and fixtures attached to the three remaining wells, and appraised the same at six hundred and forty-three dollars. The defendant, D. M. Delo, claimed the said machinery, tubing, fixtures, etc., as his property, after the death of the said George P. Delo, and refused to allow plaintiff to remove or dispose of the same.

" It is hereby agreed by and between the parties to this action, if the court should be of the opinion that the plaintiff was entitled to the said property as executor of said George P. Delo, deceased, that judgment be entered in his favor and against the defendant for the sum of six hundred and forty-

Arguments.

three dollars and costs. Otherwise, if the court should be of the opinion that the fixtures and property, belonging to said oil wells, vested in the defendant on the death of the said George P. Delo, or prior thereto, judgment to be entered in favor of the defendant with costs."

—After argument, the court, WILSON, P. J., being of opinion that the plaintiff was entitled to the property named in the case stated, as executor of George P. Delo, deceased, entered judgment for the plaintiff for $643, with interest from February 21, 1890, and costs of suit; whereupon the defendant took this appeal, specifying the entry of such judgment for error.

*Mr. W. L. Corbett* (with him *Mr. Don C. Corbett*), for the appellant :

The deed and bond upon which this controversy arises must be construed together as one instrument: Cummings v. Antes, 19 Pa. 287; and the language of the deed was sufficient to pass the rigs, machinery, etc., in controversy, to D. M. Delo: Waugh v. Waugh, 84 Pa. 356. The plaintiff's right, therefore, necessarily depends upon the effect of the condition in the bond, the object of which was to secure to George P. Delo certain provisions as a means of support in his old age. The removal of the machinery was to be made by him at his "own pleasure," and evidently was intended to be done by him personally, in case the wells became exhausted. The right to do this was purely a personal right, which terminated at his death. It is clear the parties never intended, if the wells were still producing at the grantor's death, that the machinery should then be detached and taken away by the executor. Even if the true construction of the papers is that a tenancy for life was reserved, the personal representatives would have no right to remove fixtures after its termination: White v. Arndt, 1 Wh. 91.

*Mr. W. A. Hindman*, for the appellee :

The agreement that George P. Delo might, at any time, at his own pleasure remove the buildings and machinery at the wells, worked a conversion of said property into personalty, and severed it from the freehold. It became the personal pro-

perty of George P. Delo. The form of the language used, and the difference in the provisions respecting the products of the farm, and those relative to the buildings and machinery at the wells, show that this was the intent of the parties. Fixtures belonging to a tenant for life pass to his executors as assets: 8 Am. & Eng. Encyc. of Law, 54; and may be removed within a reasonable time after his death: Idem, 52; Hind's Est., 5 Wh. 138, virtually overruling White v. Arndt, 1 Wh. 91, cited by appellant; Lawton v. Lawton, 3 Atk. 13; Lemar v. Miles, 4 W. 330; Watriss v. Nat. Bank of Cambridge, 124 Mass. 575; Martin v. Roe, 7 E. & B. 237; Cooper v. Johnson, 143 Mass. 108.

OPINION, MR. JUSTICE GREEN:

The deed from George P. Delo, the plaintiff's testator, to D. M. Delo, the defendant, is an absolute deed in fee-simple, and passed to the grantee every possible interest of the grantor in the land, and all its buildings, improvements, and appurtenances. No estate whatever in the premises granted remained in the grantor. Had there been nothing more in the transaction than the deed, it cannot be questioned for a moment that the machinery and fixtures in and about the oil wells which were in operation at the time the deed was made, would have passed with the title. Neither argument nor authority is needed in support of this proposition. There was, however, another paper bearing the same date as the deed, and which must be regarded as a part of the transaction. It was a bond executed by D. M. Delo for the payment to George P. Delo of four thousand three hundred dollars as mentioned in a certain condition annexed. This condition required that the money should be paid in four equal annual sums, beginning one year after the death of George P. Delo, and in the meantime, during his life, the said D. M. Delo was to give to George P. Delo one fourth of the hay in the barn, produced on the premises, one fourth of the fruit produced from the trees growing on the premises, and one fourth of the pasture, if he desired it. The condition concluded as follows: " Also the said George P. Delo to have the privilege of operating his oil wells on the premises without let or hindrance from the said D. M. Delo, and the said George P. Delo may, at any time, at his own pleasure remove any build-

Opinion of the Court.

ings and the.machinery of the said wells; without any fraud or further delay, then this obligation to be void, or otherwise to remain in full force and virtue."

It will be observed that whatever rights George P. Delo held, as against D. M. Delo, were under and by virtue of the bond. This was the personal obligation of D. M. Delo. Nothing was reserved or excepted out of the deed. The bond required that D. M. Delo should give the money stipulated, give the proportions of hay, fruit, and pasture specified in the bond, and should also permit George P. Delo to operate the oil wells for his own account, and to remove, at his pleasure, any buildings and the machinery at the wells. From six of the wells George P. Delo did remove the machinery during his life, and the other three were in operation at his death. The machinery at these wells remained and was essential to their operation. The wells and their machinery were a part of the realty. Unless a right to remove the machinery after the death of George P. Delo was vested in somebody, it must continue to remain. No such right was reserved to the executors or administrators of George P. Delo, or to his heirs, or to his assigns. The privilege to remove was purely personal to George P. Delo, and died with his person. There is no analogy to the case of fixtures erected on leased premises by a tenant or by the owner of a life-estate. George P. Delo never was a tenant, either for years or life. He was the owner of the land at the time he operated the wells and up to the time of the grant, and he put in the machinery and fixtures as owner, and not as tenant in any sense. That being the case, they passed by the grant of the land, and the only right he held after the grant was under the personal obligation of the grantee. That right was limited to the period of his own life simply, because it could not be exercised thereafter, and it did not extend to any other persons after his death. Of course, no other person than George P. Delo could claim the one fourth of the hay, fruit, and pasture, either during his life or after, and nothing can be clearer than that that right died with his person. The right to remove the machinery has no higher or other origin than the right to take the hay, fruit, and pasture.

We are clearly of opinion that the right to the machinery at the wells passed with the deed to D. M. Delo, and was sub-

ject only to the right of removal by George P. Delo during his life. That right not having been exercised as to the machinery at the three wells which were in operation at the death of George P. Delo, that machinery belongs to D. M. Delo under his deed. There was no severance of the machinery from the freehold during the life of George P. Delo, and hence it cannot be claimed by his executors.

> The judgment of the court below is reversed; and judgment is now entered on the case stated for the defendant, with costs, including costs of this appeal.